UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-4206 |
| | ) |
| AMERICAN HUMANE ASSOCIATION | ) |
| and STANTON CHASE, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Jennifer Daniels ("Daniels"), brings this action against Defendants, American Humane Association ("American Humane") and Stanton Chase (collectively "Defendants"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

**PARTIES**

2. Daniels has resided in the Southern District of Indiana at all relevant times.

3. American Human is a non-profit corporation doing business within the Southern District of Indiana.

4. Stanton Chase is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

6. Daniels is a "person" within the meaning of 42 U.S.C. § 2000e(a).

7. American Humane is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. Stanton Chase is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

9. Daniels satisfied her obligations to exhaust her administrative remedies, having timely filed Charges of Discrimination with the Equal Employment Opportunity Commission on or around December 8, 2018. The EEOC issued a "Dismissal and Notice of Rights" to Daniels on or around July 16, 2019. She now timely files her lawsuit.

10. Venue is proper in this Court.

### FACTUAL ALLEGATIONS

11. Daniels is female.

12. Daniels has children.

13. On or around November 28, 2017, a recruiter from Stanton Chase contacted Daniels to inquire as to her interest in a "Vice President/Strategic Alliances and Business Development" position with American Humane.

14. Daniels responded that she was interested in the position.

15. Over the ensuing weeks, Daniels had additional conversations with representatives from Stanton Chase, including David Palmlund ("Palmlund") concerning the position, its requirements, and Daniels's interest.

16. During these conversations, Palmlund asked Daniels inappropriate questions about her family, including how long she had been married, how many children she had, and their ages.

17. During these conversations, Palmlund asked Daniels about her willingness to relocate to Washington, D.C. for the position.

18. Daniels responded that if the offer were right, she would be ready and willing to move, or she could perform the position from Indianapolis, with the understanding that the position would

require extensive travel regardless of where she resided.

19. On or around December 19, 2017, Daniels interviewed with Respondent's CEO, CMO, and a board member.

20. During the interview, Daniels was asked multiple questions about the travel requirements for the job and the effect it would have on her family/home life.

21. Daniels again stated her willingness to relocate if the offer were right, or that she could do the job from Indianapolis.

22. Over the ensuing weeks, Daniels had additional discussions with Stanton Chase representatives, during which she was told that she was the top candidate for the position.

23. During these conversations, Daniels again was asked inappropriate questions about her marriage and children.

24. During one such conversation, Daniels informed Palmlund of the ages of her children, to which Palmlund responded that this was "bad" and a "disaster."

25. On or around February 27, 2018, Palmlund called Daniels and stated that American Humane wanted to make Daniels an offer of employment.

26. After Daniels asked Palmlund to clarify details about the compensation, Daniels told Palmlund to have American Humane put the offer in writing and she would accept.

27. On February 28, 2018, Palmlund called Daniels and told her that he had been premature in extending the offer.

28. Over the ensuing weeks, Palmlund had additional conversations with Daniels about the position, and he informed Daniels that she continued to be the leading candidate for the position.

29. In April 2018, Palmlund informed Daniels that American Humane was undergoing a reorganization and that they would be making their decision when that was completed.

30. In August 2018, Daniels looked up American Humane's website and discovered that it had hired a male with much less experience than Daniels for the position.

31. The selected candidate also had two adult sons and a wife that worked from home.

32. Defendants were aware of Daniels's gender and familial status when they made the decision not to select Daniels for the job.

33. Defendants have accorded more favorable treatment to similarly-situated individuals, including, but not limited to, persons who are male and/or do not have young children.

34. Defendants took adverse employment actions against Daniels because of her sex, familial status, and/or gender plus familial status.

35. Any reason proffered by Defendants for the adverse actions they have taken against Daniels is pretextual.

36. Daniels has suffered injury as a result of Defendants' unlawful actions.

## COUNT I

## SEX DISCRIMINATION - TITLE VII

37. Daniels hereby incorporates paragraphs 1-36 of her Complaint.

38. Defendants took adverse employment actions against Daniels because of her sex.

39. Defendants took adverse employment actions against Daniels because of her sex and children.

40. Defendants stereotyped Daniels because she was a female with children.

41. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of

Daniels's rights as protected by Title VII.

## COUNT II

## SEX PLUS FAMILIAL STATUS DISCRIMINATION - TITLE VII

42. Daniels hereby incorporates paragraphs 1-41 of her Complaint.

43. Defendants took adverse employment actions against Daniels because of her sex plus familial status (children) and obligations.

44. Defendants stereotyped Daniels because she was a female with children.

45. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Daniels's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jennifer Daniels, by counsel, respectfully requests that this Court find for her and order that:

1. Defendants hire Daniels for the same position, salary, and seniority, or pay front pay and benefits to her in lieu of hire;

2. Defendants pay lost wages and benefits to Daniels;

3. Defendants pay compensatory and punitive damages to Daniels;

4. Defendants pay pre- and post-judgment interest to Daniels;

5. Defendants pay Daniels's attorneys' fees and costs incurred in litigating this action; and

6. Defendants pay to Daniels any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

          *s/ John H. Haskin*
          John H. Haskin, Attorney No. 7576-49

          *s/ Samuel M. Adams*
          Samuel M. Adams, Attorney No. 28437-49

          *s/ Shannon L. Melton*
          Shannon L. Melton, Attorney No. 29380-49

          Attorneys for Plaintiff
          Jennifer Daniels

## **DEMAND FOR JURY TRIAL**

  Plaintiff, Jennifer Daniels, by counsel, respectfully requests a jury trial for all issues deemed triable.

          Respectfully submitted,

          *s/ John H. Haskin*
          John H. Haskin, Attorney No. 7576-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
    sadams@jhaskinlaw.com
    smelton@jhaskinlaw.com